**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KNARIK VARUZHANI SHABOYAN, a.k.a. Knarik Varuzhani Petrosyan, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72351 <br><br> Agency No. A075-306-631 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges

     Knarik Varuzhani Shaboyan, a native and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that the incidents in which Shaboyan was forced to the back of the food line and rocks were thrown at the house of the Pentecostal congregation gatherings, even considered cumulatively, did not constitute persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Substantial evidence further supports the BIA's finding that the harm to her husband and family members were not part of "a pattern of persecution closely tied to" Shaboyan. *See Wakkary*, 558 F.3d at 1060. In addition, substantial evidence supports the BIA's finding that Shaboyan's fear of future persecution was not objectively reasonable. *See Nagoulko,* 333 F.3d at 1018. Accordingly, Shaboyan's asylum claim fails.

Because Shaboyan failed to establish her eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's finding that Shaboyan did not establish a likelihood of torture by, at the instigation of, or with the consent or

09-72351

acquiescence of the Armenian government.  *See Wakkary*, 558 F.3d at 1067-68.

Accordingly, Shaboyan's CAT claim fails.

**PETITION FOR REVIEW DENIED.**